UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Remote Wholesale Inc.,

        Plaintiff,

v.

Transglobal Recycling Inc.,

        Defendant and Third-Party Plaintiff,

v.

DLR Core Supply,

        Third-Party Defendant.

Case No. 21-11079

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

_____/

# ORDER DISMISSING DEFENDANT/THIRD-PARTY PLAINTIFF TRANSGLOBAL RECYCLYING INC.'S COMPLAINT WITH PREJUDICE [7]

This is a breach of contract dispute initially brought by Plaintiff Remote Wholesale, Inc. ("Remote Wholesale"), who filed the complaint in this matter on May 11, 2021 and named Transglobal Recycling Inc. as Defendant. (ECF No. 1.) On July 12, 2021, Defendant/Third-Party

Plaintiff Transglobal Recycling Inc. ("Transglobal") filed a third-party complaint against Third-Party Defendant DLR Core Supply ("DLR Core Supply"). (ECF No. 7.) The Court rescheduled its date for the scheduling conference in this case on three separate occasions while awaiting Transglobal's service of the third-party complaint on DLR Core Supply. (*See* ECF No. 8, 11–12.)

Following a November 17, 2021 status conference, at which the Court questioned Transglobal as to the reason for the delay in service of the third-party complaint, Transglobal requested third-party summons for DLR Core Supply. (*See* ECF No. 15.) The Court issued summons for DLR Core Supply on November 18, 2021. (*Id.*)

On May 5, 2022, the Court entered a show cause order noting that the ninety-day time limit for service of the third-party complaint set under Federal Rules of Civil Procedure 4(m) and 14(a)(1) had elapsed. (ECF No. 16.) The Court's order required Transglobal to show cause in writing by May 20, 2022, why the third-party complaint should not be dismissed for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2. (*Id.*) As of the date of this opinion, Transglobal has not responded or otherwise satisfied the show cause order.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Furthermore, under Local Rule 41.2, "when it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. L.R. 41.2.

"[A] district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999). Federal Rule of Civil Procedure 41(b) authorizes the Court "to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). Dismissal for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance

3

of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations omitted). "A district court must be given substantial discretion in serving these tasks[.]" *Id.*

There are four factors that a district court considers in dismissing a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 737. "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (quoting *Knoll*, 176 F.3d at 363).

Here, consideration of the factors outlined in *Schafer* weighs in favor of dismissal. Transglobal's conduct constitutes a clear record of delay supporting dismissal of the third-party complaint for failure to prosecute. Transglobal, who has been otherwise active in this case,[1] has

---

[1] *See, e.g.,* ECF No. 13 (in which Remote Wholesale and Transglobal filed a discovery plan pursuant to Federal Rule of Civil Procedure 26(f)).

4

failed to comply with the Court's order to show cause why the third-party complaint should not be dismissed. Transglobal had ample time to serve DLR Core Supply, to submit a response to the Court's May 5, 2022 show cause order, or to demonstrate why Transglobal needed more time to respond. Transglobal did not request a third-party summons for DLR Core Supply until after a status conference with the Court, over four months after the third-party complaint was first filed. (*See* ECF Nos. 7, 15.) A period of approximately five-and-a-half months elapsed following the issuance of the third-party summons on November 18, 2021, before the Court entered a show cause order on May 5, 2022. (*See* ECF No. 16.) Additionally, Transglobal had a two-week period to file proof of service on DLR Core Supply or otherwise respond to the May 5, 2022 show cause order before the May 20, 2022 deadline. Nevertheless, Transglobal neglected to pursue its case. This conduct "shows willfulness and fault in that [Transglobal] was at best extremely dilatory in not pursuing [its] claim, which indicates an intention to let [its] case lapse." *Shafer*, 529 F.3d at 739. This factor supports the finding that Transglobal's conduct amounts to a failure to prosecute.

Further, this Court's May 5, 2022 show cause order (*see* ECF No. 16, PageID.56) put Transglobal "indisputably on notice" that its third-party complaint faced dismissal were it to not submit a response to the show cause order or to file proof of service in the indicated time period as required under Federal Rule of Civil Procedure 4(m). *See id.* at 740. Transglobal thus had an additional two weeks to file proof of service of the third-party complaint on DLR Core Supply after the show cause order deadline and after Transglobal was warned of the possibility of dismissal for failure to do so. This "key" factor therefore weighs heavily in favor of failure to prosecute. *See id.*

An additional factor in determining failure to prosecute is whether this Court considered other lesser sanctions before dismissal. However, the Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect" and is "loathe to require the district court to incant a litany of the available sanctions." *Id.* at 738. In this case, dismissal with prejudice is the first sanction for failing to prosecute, but it is also the appropriate sanction given Transglobal's ample notice that failure to serve the third-party complaint would result in its dismissal.

6

Finally, there is no evidence that dismissal of this litigation prejudices Remote Wholesale or DLR Core Supply. "The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Id.* at 739 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Here, DLR Core Supply appears to have not been served or otherwise participated in this case. While some of Remote Wholesale's efforts "were necessitated by a[] lack of cooperation by [Transglobal]" (e.g., participating in the creation of a discovery plan under Federal Rule of Civil Procedure 26(f) without the involvement of DLR Core Supply, necessitating a stay in discovery), these efforts were relatively minimal and "occurred during the relatively short period of time" in November of 2021. *Id.* at 739.

Accordingly, the Court finds that dismissing Transglobal's third-party complaint is the appropriate manner to resolve the case under the circumstances.

For the reasons set forth above, the Court DISMISSES WITH PREJUDICE Transglobal's third-party complaint. (ECF No. 7.)

IT IS SO ORDERED.

| | |
|---|---|
| Dated: May 31, 2022<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 31, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

8